UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

Case No.: 11-36161-BKC-LMI
Chapter 13 proceeding

**In Re:**

**NACHON-TORRES, PRISCILLA,**

Debtor(s).
_____/

**FRANK TORRES,**

Plaintiff,

vs.                                                                    Adv.Proc.No.:

**PRISCILLA NACHON-TORRES,**

Defendant.
_____/

## COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 523

The Plaintiff, **Frank Torres,** (hereinafter referred to as "Torres") by and through undersigned counsel, hereby sues the Defendant, **Priscilla Nachon-Torres** (hereinafter referred to as "Nachon") pursuant to Bankruptcy Rule 7001, and alleges:

### GENERAL ALLEGATIONS

1.  This is an adversary proceeding brought by **Frank Torres,** objecting to the dischargeability of his debt pursuant to 11 U.S.C. § 523(a)(5) and (a)(2)(A).

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

1

3. This is a core proceeding which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(I).

4. This action was commenced by a voluntary Chapter 13 bankruptcy filed by the Debtor on September 22, 2011 in Case No.: 11-36161-BKC-LMI.

5. The Plaintiff, Frank Torres, was listed on Schedule F of the Debtor's Schedules as an unsecured creditor in the amount of $145,250.00.

6. Torres was disclosed as an unsecured creditor based upon a Marital Settlement Agreement (hereinafter referred to as "MSA"), attached hereto as Exhibit "1", which was executed by Torres and Nachon on December 13, 2007.

7. Pursuant to the MSA, Nachon was required to pay Torres a lump sum payment of one hundred forty five thousand two hundred fifty dollars ($145,250.00) (hereinafter referred to as "Lump Sum Payment") within sixty (60) days of the entry of final judgment dissolving the parties' marriage.

8. During the negotiation of the MSA, in exchange for Nachon's promise to make the Lump Sum Payment, Torres reluctantly agreed to forgo seeking any further alimony and/or spousal support. However, Nachon never intended to make the Lump Sum Payment.

9. On its face, the MSA states that the Lump Sum Payment was to be made to "achieve an equitable distribution of their marital estate". However, in actuality, the Lump Sum Payment was intended to be in the nature of support for Torres.

10. At the time the parties negotiated the terms of the MSA, Nachon was in a much greater financial condition than Torres. In particular, during the time the MSA was negotiated and executed by the parties, Nachon was making approximately one hundred thousand dollars ($100,000.00) per year, while Torres only received seventy thousand dollars ($70,000.00) per year.

11. Further, the couple has two (2) children, and the Lump Sum Payment was intended to help Torres support the children. But for the Lump Sum Payment, Torres could not sustain he and his children's' style of living, including but not limited to continuing to

contribute to the children's school expenses.  This information was taken into account when negotiating the terms of the MSA.

12. Pursuant to the terms of the MSA, the Lump Sum Payment was not to be discharged in bankruptcy.

### COUNT I – OBJECTION TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(A)(5)

13. The Creditor realleges paragraphs 1 through 12 above as if stated more fully herein.

14. Pursuant to 11 U.S.C. § 523(a)(5), a discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for a domestic support obligation.

15. The Debtor, **Priscilla Nachon-Torres**, owes a debt to the Creditor, Frank Torres, pursuant to a Marital Settlement Agreement entered December 13, 2007.

16. The debt owed to Frank Torres is for his support, maintenance, and support of the couples' minor children.

17. The debt owed to **Frank Torres** is a domestic support obligation, and should be excepted from the general discharge of the Debtor pursuant to 11 U.S.C. § 523(a)(5).

WHEREFORE, the Creditor, **Frank Torres**, by and through undersigned counsel, respectfully requests that this Court enter final judgment finding that the debt owed to him is a domestic support obligation, enter final judgment excepting the debt owed to him by the Debtor from her general discharge, plus grants such other and further relief as this Court deems just and proper.

### COUNT II-OBJECTION TO DISCHARGEABILLITY OF DEBT PURSUANT TO 11 U.S.C. § 523(A)(2)(A)

18. The Creditor realleges paragraphs 1 through 12 above as if stated more fully herein.

19. Nachon devised and participated in a scheme of deceptive conduct, wherein she specifically falsely informed Torres that in exchange for him not seeking alimony and/or spousal support in the divorce proceedings, she would make the Lump Sum Payment.

20. At the time Nachon made these statements to Torres, she knew that Torres would rely on the veracity of the statements, and would refrain from pursuing any further alimony and/or spousal support.

21. Nachon has incurred debt to Torres, all with false pretenses, false representations, and/or actual fraud all in violation of 11 U.S.C. § 523(a)(2)(A).

22. As a result, Torres has sustained damages in the amount of one hundred forty-five thousand two hundred fifty dollars ($145,250.00), which should be determined to be nondischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, the Creditor, **Frank Torres**, by and through undersigned counsel, respectfully requests that this Court enter final judgment in his favor and against the Defendant, finding that the debt owed to him from the Defendant in the amount of one hundred forty-five thousand two hundred fifty dollars ($145,250.00) is found to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), plus grants such other and further relief as this Court deems just and proper.

Dated this 22nd day of February 2012.

    BRETT A. ELAM, P.A.
    Attorney for Torres
    105 S. Narcissus Avenue
    Suite 802
    West Palm Beach, FL 33401
    (561) 833-1113 (telephone)
    (561) 833-1115 (facsimile)

By: /S/ Brett A. Elam
    BRETT A. ELAM
    Florida Bar No. 576808