UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-36161-BKC-LMI
CHAPTER 13

IN RE:
PRISCILLA NACHON-TORRES

ADVERSARY PROCEEDING NO. 12-01130

    Debtor.
_____/

FRANK TORRES
    Plaintiff,

vs.
PRISCILLA NACHON-TORRES,
    Defendant.
_____/

### DEBTOR'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGEMENT

The Defendant, PRISCILLA NACHON-TORRES, by and through the undersigned attorney files this Response to the Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment, [ECF 27], and states:

1.    The Debtor agrees that in the parties dissolution of marriage action, the parties signed on December 13, 2007, a marital settlement agreement (MSA). The MSA provided, in paragraph 12.11, that the debtor would pay the ex-husband, Frank Torres, the sum of $145,250.00, as a lump sum payment to achieve equitable distribution. The paragraph further states that the payment of the lump sum is a non-taxable event. The MSA further provides, in paragraph 10.1, that each party waives all rights to past, present and future alimony of any nature, kind or description... Lastly in paragraph 12.11.1, the wife agreed that the lump sum payment was not dischargeable in bankruptcy.

2.    The former spouse argues that the Debtor's Chapter 13 Plan does not provide treatment for the domestic support obligation derived from their agreement. The Debtor contends the agreement is not a domestic support obligation, but an equitable distribution of property which is dischargeable in Chapter 13. Of course in a Chapter 7 Bankruptcy all domestic support obligations (DSO's) are non dischargeable, but Section 523(a)(15) does not apply in a Chapter 13 case.

3. "In a Chapter 13 case, an important distinction is drawn between [domestic support obligations] and other post-marital obligations. [Domestic support obligations] may not be discharged in Chapter 13. 11 U.S.C. § 1328(a)(2); 11 U.S.C. § 523(a)(5). However, other types of debts arising out of a separation or divorce, including property settlements, are dischargeable. 11 U.S.C. § 1328(a)(2); 11 U.S.C. § 523(a)(15). If an obligation underlying the claim is deemed a [domestic support obligation], pursuant to Section 523(a)(5), then the claim is entitled to priority treatment pursuant to Section 507(a)(1)(A), and any Chapter 13 plan must provide for its full payment pursuant to Section 1322)(a)(2)." In Re Lynn Lane Wood, Debtor, Case No. 11-06583-8-JRL (Bankr. E.D.N.C January 2012). See Also, In re Deberry, 429 B.R. 532, 537, (Bankr. M.D.N.C. 2010). Therefore, unless the agreement in question is a domestic support obligation it may be discharged at the conclusion of the debtor's case.

4. It is also clear that the court should look "beyond any labels used by the parties and instead determine whether 'at the time of its creation the parties intended the obligation function as support or alimony." McCollum v McCollum, 415 B.R. 625, 631, (Bankr. M.D. Ga 2009) (quoting Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2011).

5. In this case, the MSA is clear, and although the Court should look beyond the labels of the MSA, the labels are indicative of the parties intent. Starting at paragraph 10, labeled "**Alimony**" paragraph 10-1 states that each party waives any alimony. Paragraph 12, labeled "**Property Division and Recognition of the Parties' Equitable Distributive Rights to Marital Assets and Liabilities**", specifically states that these provisions are "in order to achieve an equitable distribution of all of the marital assets and liabilities".

Further, in subsection 12.11 labeled, **"Lump Sum Payment to achieve Equitable Distribution**," the agreement again states that this payment was " in order to achieve an equitable distribution of the marital estate the wife was to pay a lump sum payment of $145,250.00". The fact that the agreement stated the payment of the lump sum is a non-taxable event is further evidence that this specifically was not to be included as alimony, as alimony is taxable to the recipient. Further, as in the case of In Re Lynn Lane Wood,

there was no statement in the MSA that this payment was in lieu of alimony, but in fact all claims to alimony were waived.

6.     Lastly, the plaintiff relies on subparagraph 12.11.1, wherein the wife agreed that the lump sum payment is not dischargeable in bankruptcy. The case law is clear that a debtor cannot waive the dischargeability of a debt because it is against public policy. See Nicholls v Nicholls, (Bankr. E.D. N.Y. December 10, 2010), wherein the Court found that the defendant's pre-petition waiver of discharge is non-enforceable.  See also, Dean v. Saas, 438 B.R. 631 (Bankr. W.D. 2010) finding that pre-petition waivers of discharge are non-enforceable.

The Defendant seeks summary judgment in her favor and Bankruptcy Rule 7056 states that " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact then the moving party is entitled to a judgment as a matter of law."

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was sent by email to Brett Elam, Esquire at belam@brettelamlaw.com and all others set forth in the NEF, this 26th day of December 2012.

LAW OFFICES OF MICHAEL J. BROOKS, MICHAEL A. FRANK
& RODOLFO H. DE LA GUARDIA, JR.
Attorneys for the Debtor
Suite 620 • Union Planters Bank Building
10 Northwest LeJeune Road
Miami, FL 33126-5431
Telephone (305) 443-4217

By   /s/   Michael A. Frank
Michael A. Frank
Florida Bar No. 339075