Tagged opinion
Do not publish



ORDERED in the Southern District of Florida on March 1, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | |
|---|---|
| In Re: | Case No.: 11-36161-BKC-LMI |
| | Chapter 13 proceeding |
| NACHON-TORRES, PRISCILLA, | |
|    Debtor(s). | |
| _____/ | |
| FRANK TORRES, | Adv. Proc. No.: 12-1130-BCK-LMI |
|    Plaintiff, | |
| vs. | |
| PRISCILLA NACHON-TORRES, | |
|    Defendant. | |
| _____/ | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court on Plaintiff's Motion for Summary Judgment (ECF

#30) and Defendant's Cross-Motion for Summary Judgment (ECF #34).[1] The Court has considered the pleadings filed, and reviewed the Marital Settlement Agreement dated December 13, 2007 (the "Marital Settlement Agreement"), and based on the foregoing and applicable case law,[2] finds that the lump sum payment at issue in this case is not a domestic support obligation, and, accordingly, is dischargeable in the Debtor's Chapter 13 case should the Debtor successfully complete her obligations and receive a Chapter 13 Discharge.

## Procedural and Background Facts

The Plaintiff and Debtor/Defendant were married. When they divorced in 2007 they entered into the Marital Settlement Agreement, which provided, in pertinent part, the following:

a. The details regarding child support, visitation, and other issues relevant to the health and well-being of the two minor children.

b. A complete, absolute, and unequivocal waiver of alimony by each of the former spouses – "This alimony and modification waiver provision is not modifiable regardless of any change in circumstances of either of the parties."

c. A detailed section entitled "Property Division and Recognition of the Parties' Equitable Distributive Rights to Marital Assets and Liabilities" – in which section the parties outline the distribution of all their assets including the marital home, an apartment, furniture, jewelry, bank accounts, and other assets. This section also provides "[i]n order to achieve an equitable distribution of the marital estate, the Wife agrees to pay the Husband a lump sum payment of One Hundred Forty-Five

---

[1] Plaintiff objected to the Debtor's Cross Motion as untimely. However, even if this Court were to strike the Cross Motion as untimely, when a court denies a party's motion for summary judgment, the court may enter judgment for the non-moving party if the circumstances warrant such relief. *Lindsey v. Bureau of Prisons*, *U.S. Dept. of Justice*, 736 F.2d 1462, 1463 (11th Cir. 1984), *vacated on other grounds*, 469 U.S. 1082 (1984). *See also Kohlheim v. Glynn County, Ga.*, 915 F.2d 1473, 1478 (11th Cir. 1990). In this case, the inevitable result of this Court's ruling on the Plaintiff's Motion is relief in favor of the Debtor.

[2] This dispute was originally set for a trial but the parties agreed that this issue could be decided on the summary judgment pleadings.

Thousand Two Hundred and Fifty Dollars ($145,250.00) within sixty (60) days after the entry of the final judgment dissolving the parties' marriage. The parties understand that the lump sum payment is designed to achieve an equitable distribution of their marital estate. As such, payment of the lump sum is a non-taxable event. Stated otherwise, the lump payment is not taxable to the Husband as income, and it is not deductible by the Wife." This section also provides that the Wife "agrees that the lump sum payment is not dischargeable in bankruptcy…."

d.  A separate section provides that "[b]oth parties agree and acknowledge that the support obligations set forth herein are not capable of discharge in bankruptcy."

The Debtor filed for bankruptcy under Chapter 13 of the Bankruptcy Code on September 22, 2011. The lump sum payment obligation (the "Lump Sum Payment") is scheduled as an unsecured debt on the Debtor's bankruptcy schedules.

The Plaintiff filed this adversary proceeding on February 22, 2012 seeking a determination that the Lump Sum Payment is not dischargeable.

## Analysis

Both parties agree that in a Chapter 13 case, domestic support obligations[3] are not dischargeable but an obligation to a former spouse that is not a domestic support obligation and

---

[3] The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
(A) owed to or recoverable by—
(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
(ii) a governmental unit;
(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

3

"is incurred by the debtor in the course of a divorce or separation on in connection with a separation agreement, divorce decree or other order of a court of record…" is dischargeable.[4] The Plaintiff argues that, notwithstanding that the Marital Settlement Agreement calls the Lump Sum Payment an equitable distribution of property, the distribution was in the nature of support and therefore the Lump Sum Payment constitutes a domestic support obligation and is not dischargeable.[5] The Plaintiff points to the provision of the agreement where the Debtor agreed that the Lump Sum Payment "is not dischargeable in bankruptcy."

The Debtor counters that it is very clear from the agreement that the Lump Sum Payment was not intended to be in the nature of support, but was exactly what is was called, part of the property division. Moreover, the Debtor argues, the Debtor's agreement that the Lump Sum Payment "is not dischargeable" is an unenforceable bankruptcy waiver.

First, there is no question that the Lump Sum Payment was intended as part of the property settlement and not in the nature of support. The Marital Settlement Agreement is clear that both parties waived all rights to any alimony and the only support provisions relate to the

---

(i) a separation agreement, divorce decree, or property settlement agreement;
(ii) an order of a court of record; or
(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C §104(14A).

[4] A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt…to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) [a domestic support obligation] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit….

11 U.S.C. §523(15).

[5] The case law is clear that a court is not bound by what parties call an obligation in a marital settlement agreement. The court must "look beyond the label to examine whether the debt actually is in the nature of support or alimony…. A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to function as support or alimony." *Cummings v. Cummings,* 244 F. 3d 1263, 1265 (11th Cir. 2001) (citations omitted).

children.  Moreover, the Lump Sum Payment is included in the property division section of the Marital Settlement Agreement.  Additionally, the Marital Settlement Agreement emphasizes that the Lump Sum Payment will not trigger taxes (alimony is taxable income to the recipient and deductible by the payor), and that the Lump Sum Payment will bear interest if not paid within sixty days of execution of the Marital Settlement Agreement. Finally, it is telling that while the Debtor "agrees" that the Lump Sum Payment is not dischargeable in bankruptcy, the Marital Settlement Agreement includes a separate clause entitled "Bankruptcy" that contains an acknowledgement by both parties that the support obligations "are not capable of discharge in bankruptcy."  If, as the Plaintiff argues, the Lump Sum Payment was intended by the parties to be in the nature of support, the paragraph in which the *Debtor agrees* that the Lump Sum Payment is not dischargeable would be superfluous.  Accordingly, the Court finds that the Lump Sum Payment is a dischargeable obligation in this Chapter 13 case.

The Court also finds that the sub-paragraph of the Marital Settlement Agreement in which the Debtor agrees the Lump Sum Payment is not dischargeable is an unenforceable waiver of the bankruptcy discharge. Pre-petition waivers of the discharge are against public policy, would "eviscerate the protections of the Bankruptcy Code," and are therefore unenforceable. *In re Lucas,* 477 B.R. 236, 246 (Bankr. M.D. Ala. 2012). *See also In re Sasse*, 438 B.R. 631 (Bankr. W.D. Wis. 2010).

## Conclusion

Because the Lump Sum Payment is a non-dischargeable debt in chapter 13, and the Debtor's "agreement" in the Marital Settlement Agreement is an unenforceable waiver of the bankruptcy discharge, Plaintiff's Motion for Summary Judgment is denied and judgment is entered in favor of the Debtor.

Adv. Proc. No.: 12-1130-BCK-LMI

Debtor's counsel is instructed to prepare a separate final judgment consistent with this ruling.

# # #

Copies furnished to:
Michael Frank, Esq.
Brett Elam, Esq.

*Attorney Frank shall serve a copy of this order upon all parties in interest and file a certificate of service with the Court.*

6